UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DAVID DIAZ,

    Plaintiff,

v.

CASE NO.

THE UNITED STATES
POSTAL SERVICE,

    Defendant.

**PLAINTIFF DAVID DIAZ'S COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, David Diaz (hereafter "Diaz"), through his undersigned attorney and pursuant to Federal Rules of Civil Procedure 3, 8, 10 and 11, files this Complaint against the United States Postal Service ("the USPS") and alleges the following:

**NATURE OF THE ACTION**

1. Diaz brings this action against the USPS for breach of contract; quantum meruit; violations of the Florida Minimum Wage Act ("FMWA"), Fla. Stat. § 448.10, and Article X, § 24(a) of the Florida Constitution; and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction because this claim involves a question involving a federal agency arising under federal statutes. Venue is proper in the Middle District of Florida because Defendant's regional headquarters and place of business is in Orlando, the

Plaintiff resided and conducted business in Osceola County, and all relevant acts and events occurred in Osceola and Orange Counties within the Middle District of Florida.

## PARTIES

3. Diaz was a mail carrier for the USPS at all times material to this action.

4. Diaz was designated as a contractor, but he performed the same functions as mail carriers of the USPS who were classified as USPS employees.

5. Diaz had contracts with the USPS to deliver mail in rural areas in Osceola County, Florida.

6. The USPS is a branch of the United States government doing business in Osceola and Orange Counties. Diaz's mail routes were in Osceola County and he reported to the regional USPS office in Orlando, Florida.

## COMPLIANCE WITH PROCEDURAL REQUIREMENTS

7. Diaz complied with all procedural requirements by providing the employer with notice of the violations of the breach of contract and the unpaid wages, and his intent to initiate this action.

8. The USPS violated the FMWA, the Florida Constitution, and the FLSA by failing to pay wages due or to otherwise resolve the claims after receiving notice of the wage violations.

## FACTUAL ALLEGATIONS

9. The USPS contracted with Diaz to deliver mail to a specified number of rural postal routes.

10. Diaz was incorrectly classified as an independent contractor when he in fact performed the same function as USPS mail carriers who were designated as employees.

11. As the rural areas in Osceola County grew in population, the number of mailboxes on Diaz's postal route increased. The USPS required Diaz to continually service the additional routes resulting in his servicing more mailboxes than were required in his contract without a proportionate increase in his wages.

12. In order to service the additional routes, Diaz was required to work numerous additional hours, including numerous weeks where he worked more than 40 hours without overtime pay.

13. Diaz was not compensated for working all of the additional hours and therefore, was denied both overtime and minimum wages for certain hours worked. Employees who performed the same services for the USPS were paid overtime and minimum wages.

14. The USPS failed to pay Diaz for the time required to service the continually increasing number of customers on his route, which included an increasing number of packages he was required to deliver.

15. Diaz repeatedly told his supervisors that due to the growth in the number of his postal routes, he should receive additional pay to compensate for the extra hours he was required to work.

16. The USPS, however, knowing the amount of hours Diaz was required to work to service the growing number of postal routes, declined to adjust the workload to conform to the requirements of the contract. At the same time, the USPS also failed to pay Diaz for all of the extra hours he was being forced to work.

17. The USPS failed to pay Diaz for all hours worked, including overtime and minimum wages, even when it was clear that Diaz would be unable to make all of his deliveries within an eight-hour work day.

18. Diaz continued to work hours in excess of the amount required in his contract without additional compensation because he was afraid the USPS would take away his postal routes.

19. The USPS failed to maintain records of all hours worked by Diaz.

20. The USPS, under pressure from federal officials to reduce its budget, classified rural mail carriers like Diaz as independent contractors in an attempt to avoid paying overtime and minimum wages.

21. The USPS has classified certain mail carriers as independent contractors, even though they perform the same function and duties as mail carriers classified as employees, to avoid paying health benefits, unemployment insurance, and retirement accounts, in addition to overtime and minimum wages.

22. Diaz was misclassified as an independent contractor for the following reasons:

    a. USPS directed the manner in which his work as a mail carrier was performed;

    b. Diaz's position was ongoing, extending over a period of six years, which was the duration of his contract;

    c. The service performed by Diaz was an integral part of the USPS's business of delivering mail;

     d.     Diaz was dependent on the USPS for providing the postal routes and mailboxes for his work;

     e.     Diaz's work, delivering mail, was performed primarily for the benefit of the USPS;

     f.     Diaz was required to follow the instructions of the USPS on where, when and how the work was to be performed;

     g.     Diaz's earnings were not dependent on his managerial skill, but on the amount of work assigned by the USPS.  There was little or no risk of loss as long as Diaz performed the work assigned by the USPS.

     h.     The USPS controlled the routes Diaz was required to service, and therefore, the hours he was required to work.

     i.     The USPS reimbursed Diaz for travel expenses;

     j.     Diaz reported to the USPS office in Orlando for his assignments and to pick up the mail he was required to deliver;

     k.     Diaz did not work for any other employer during the term of his contract;

     l.     Diaz and the USPS were not on equal financial footing. Diaz was economically dependent on the employer.

23.     The USPS has engaged in a systematic practice of failing to compensate workers for all hours worked in order to reduce operating costs.

24.     As a result of the practices of the USPS, Diaz has suffered damages, including lost wages and contractual benefits.

25.     Diaz also has incurred attorney's fees in order to vindicate his rights, and will continue to incur such fees throughout this litigation.

## COUNT I
### Breach of Contract

26. Diaz re-alleges and incorporates by reference paragraphs 1 through 6; 9 through 16; 18; and 23 through 25 into Count I of this Complaint.

27. Diaz entered into a valid contract to deliver mail for the USPS in a rural area in Osceola County. A copy of his contract is attached as Exhibit "A."

28. The parties to the contracts agreed that Diaz would deliver mail to a specified number of postal routes in return for a specific amount of compensation.

29. Diaz performed the material elements of the contract in that he delivered mail to all mailboxes on his postal route and met the terms and conditions of the agreement.

30. Diaz continued to honor his agreement even after the USPS significantly increased the number of postal routes over and above the number specified in his contract.

31. Diaz did nothing to prevent the USPS from performing the terms and conditions the employer was required to perform under the contract.

32. Diaz did not consent to the changes in the terms of the Agreement. Rather, he was afraid that if he did not comply, the USPS would take away his postal routes, and he would lose his source of income.

33. The USPS breached the contract by continually increasing the number of postal routes and package deliveries assigned to Diaz without providing similar or equivalent increases in compensation.

34. The USPS engaged in material breaches in that the terms and conditions that it violated involved the essence of the contract.

35. The USPS added mailboxes and packages beyond the number allowed in the contract to Diaz'a postal routes as the areas he served grew in population in recent years.

36. The USPS refused to pay Diaz for all of the continually increasing number of customers on his route. The USPS also refused to pay Diaz for all of the increasing number of packages he was required to deliver.

37. The USPS breached its contract with Diaz when it required him to deliver packages from large companies, including Amazon and Walmart, which were not included in his contract.

38. The breach by the USPS forced Diaz to work more than 40 hours most workweeks.

39. The USPS's continuous imposition of additional routes over and above the number specified in Diaz's contract forced Diaz to work numerous additional hours without adequate compensation.

40. Diaz repeatedly notified his supervisors that he was unable to meet the new and changing terms being imposed unilaterally by the USPS.

41. However, the USPS continued to breach its contract with Diaz. The actions by the USPS violated the USPS's own policy regarding the assignment of mailboxes to mail carriers.

42. Diaz performed all, or essentially all of the essential terms and conditions the contract required him to perform.

43. Additionally, all conditions required by the contract for the USPS's performance had occurred.

44. Finally, the USPS failed to do something essential which the contract required, or it took actions that were not authorized by the contract, when it unilaterally increased the number of postal routes for Diaz to service.

45. As a result of the material contractual breaches by USPS, Diaz suffered damages, including lost pay.

46. As a result of the breaches by the USPS, Diaz was forced to work numerous hours without any compensation or without appropriate compensation under the contract.

47. Diaz also incurred compensatory damages as a direct cause of being forced to work significantly more hours than he was being paid to work.

48. As a direct result of the actions of the USPS, Diaz was forced to pay attorneys' fees to vindicate his rights.

## **DEMAND FOR RELIEF**

WHEREFORE, Diaz respectfully requests this Court to award him damages for the following:

(a) compensatory damages, including but not limited to all wages Diaz would have been entitled to receive if his contract had not been breached by USPS, and all other monetary losses resulting from the USPS breach of its contract with Diaz;

(b) special damages;

(c) attorney's fees;

(d) injunctive relief; and

(e) any other relief the Court deems necessary.

## COUNT II
### Quantum Meruit

49. Diaz re-alleges and incorporates by reference into Count II paragraphs 1 through 6; 9 though 18; and 23 through 25 of this Complaint.

50. Diaz conferred benefits on the USPS in that he delivered mail to all of the postal routes provided by the USPS, even when the USPS increased the mailboxes and package deliveries beyond what was required in his contract.

51. The USPS had knowledge of this benefit, and had knowledge that it was continually increasing the number of mailboxes on Diaz postal routes.

52. The USPS was aware that it was continually getting more value from Diaz's services as it increased the number of customers on his postal routes, and accepted the benefits provided by Diaz's increasing workload.

53. It is unfair and inequitable for the USPS to require Diaz to continually work more and more hours to serve more mailboxes than was required by his contract without the benefit of equivalent compensation.

54. The USPS classified Diaz as an independent contractor rather than an employee to avoid paying him overtime and minimum wages, and to prevent Diaz from seeking remedies for unpaid wages.

55. This action was taken to unjustly benefit the USPS at the expense of Diaz, who should not be left without a remedy for violations of federal law because he was misclassified as an independent contractor.

56. As a result of the actions of the USPS, Diaz incurred compensatory damages, and was forced to pay attorney's fees in order vindicate his rights.

**DEMAND FOR RELIEF**

WHEREFORE, Diaz respectfully requests this Court to award him damages for the following:

(a) compensatory damages;

(b) special damages;

(c) attorney's fees;

(d) injunctive relief; and

(e) any other relief the Court deems necessary.

**COUNT III**
**Unpaid Overtime and Minimum Wages**
**The Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*.**

57. Diaz re-alleges and incorporates by reference into Count III the allegations in paragraphs 1 through 25, including all subparts, as if fully stated in this Complaint.

58. Diaz was a contract mail carrier, but he performed the same job as USPS employee mail carriers, and therefore was an "employee" as defined in 29 U.S.C. § 203(e)(1) of the FLSA.

59. The USPS misclassified Diaz as a contractor to avoid paying overtime and minimum wages as part of an effort to reduce its operating costs.

60. The actions by the USPS violate the spirit of the FLSA in that the USPS acted with the intent and purpose of avoiding paying overtime and minimum wages to Diaz and other mail carriers in rural routes.

61. The USPS was an employer as defined by 29 U.S.C. § 203(d) of the FLSA in that it contracted mail carriers to perform the same tasks as its employee mail carriers.

62. The USPS is an enterprise as defined by 29 U.S.C. § 203(r)(1) in that it engaged in related activities performed through a uniform operation or common control for a common business purpose. The related activities involve delivering mail throughout the country.

63. The USPS is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1) of the FLSA.

64. The USPS engaged in commerce or in the production of goods for commerce in that at all times relevant to the claim Defendant was an enterprise with annual gross sales exceeding $500,000.

65. At all times during his employment with the USPS, Diaz was treated as not eligible to receive overtime required by 29 U.S.C. § 207 of the FLSA and 29 C.F.R. § 541.

66. Diaz was misclassified as a contractor by the USPS for the sole purpose of avoiding paying overtime and minimum wages.

67. The USPS failed to pay Diaz overtime for workweeks in which he worked more than 40 hours, in violation of the FLSA. The FLSA required the USPS to pay Diaz at a rate of one and one-half times his regular rate of pay for each hour worked in excess of 40 hours for performing the same work of employee mail carriers.

68. Because the USPS violations of the FLSA were willful, Diaz is entitled to liquidated damages.

69. As a direct and proximate result of the USPS's illegal acts, Diaz has incurred damages, including lost wages and overtime, and was forced to pay and will continue to be forced to pay legal fees and costs in order to vindicate his rights.

**DEMAND FOR RELIEF**

WHEREFORE, Diaz respectfully requests that the Court award him damages for the following:

(a)     lost wages, including compensation for unpaid overtime and/or minimum wages;

(b)     liquidated damages in the same amount of the lost wages;

(c)     reasonable attorney's fees and costs, pursuant to 29 U.S.C. § 216(b); and

(d)     any other relief the Court deems proper.

**COUNT IV**
**Unpaid Minimum Wage**
**The Florida Minimum Wage Act, Fla. Stat. § 448.110 and**
**The Florida Constitution, Article X, § 24(a)**

70.     Diaz re-alleges and incorporates by reference into Count II of this Complaint the allegations in paragraphs 1 through 25, including all subparts, as if fully stated herein.

71.     The FMWA and the Florida Constitution require employers to pay workers a minimum wage for all hours worked in Florida.

72.     Diaz was an aggrieved person under the FMWA and the Florida Constitution in that he was not paid for all hours worked.

73.     Although Defendant classified Diaz as a contract worker, the sole purpose of designating him as a contractor was to avoid paying minimum wages for all hours worked, and to avoid the intent of the FMWA.

74.     The FMWA authorizes an aggrieved person to "bring a civil action in a court of competent jurisdiction" when an employer fails to pay at least minimum wages for all hours worked.

75. Plaintiffs have complied with the notice requirements of Section (6)(a) of the FMWA in that prior to filing this claim in court, Plaintiff notified Defendant in writing of his intent to initiate this action. *See* Exhibit "B."

76. The Notice Letter informed Defendant that Plaintiff was owed minimum wages.

77. Upon receiving the Notice Letter, Defendant failed to pay Diaz the total amount of wages owed or to otherwise resolve the claim to the satisfaction of Diaz.

78. When the USPS failed to pay the unpaid wages or resolve the claim, Diaz was permitted to bring a claim for unpaid minimum wages.

79. The USPS violated the FMWA and the Florida Constitution by failing to pay Diaz any compensation for certain hours worked during numerous workweeks.

80. If he prevails in this action for unpaid minimum wages, Diaz would be entitled pursuant to the FMWA and Article X, § 24(e) of the Florida Constitution to recover the full amount of any unpaid back wages unlawfully withheld plus the same amount as liquidated damages, as well as reasonable attorneys fees and costs.

81. As a result of the USPS's unlawful actions, Diaz suffered damages, including unpaid wages, and he was forced to incur, and will continue to incur, attorney's fees in order to vindicate his rights.

## **DEMAND FOR RELIEF**

WHEREFORE, Diaz requests that the Court award him damages for the following:

(a) unpaid back wages;

(b) liquidated damages in the same amount as the unpaid wages;

(c) reasonable attorney's fees and costs, pursuant to Fla. Stat. § 448.110(6)(c)(1) and Fla. Stat. § 448.08; and

(d) any other relief the Court deems proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a jury trial on all issues and counts in this Complaint.

Dated August 12, 2019.

Respectfully submitted,

**[s] Alfred Truesdell**
Alfred Truesdell, Esquire
Florida Bar No. 0885363
*Truesdell Law*
3521 Tyngsbourgh Drive
DeLand, Florida 32720
(407) 920-7392
TruesdellLaw@gmail.com
Attorney for David Diaz