# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**DAVID DIAZ,**

      **Plaintiff,**

v.                                            **Case No:   6:19-cv-1482-Orl-EJK**

**THE UNITED STATES POSTAL SERVICE,**

      **Defendant.**

_____/

## ORDER[1]

This cause comes before the Court on Defendant United States Postal Service's ("USPS") Motion to Dismiss (the "Motion"), filed December 9, 2019. (Doc. 11.) Therein, USPS argues that Counts I and II of the Complaint (Doc. 1)[2] should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. (Doc. 11 at 1.) Plaintiff David Diaz filed a response in opposition to the Motion (the "Response"). (Doc. 13.) Thus, the Motion is ripe for review. Upon consideration, the Motion is due to be granted in part and the entire action will be transferred to the Court of Federal Claims.

---

[1] On February 13, 2020, both parties consented to the exercise of jurisdiction by a magistrate judge (Doc. 14.) The case was referred by an Order of Reference on February 18, 2020. (Doc. 15.)

[2] On April 27, 2020, the Court entered an order striking Plaintiff's Exhibit A to the Complaint (Doc. 1-1) since several pages contained Plaintiff's unredacted Social Security number. (Doc. 18.) The Court directed Plaintiff to file a fully redacted version of Exhibit A. The following day, Plaintiff re-filed the Complaint (Doc. 1) with Exhibit A fully redacted. (*See* Docs. 18; 18-1.) USPS, out of an abundance of caution, filed a motion to dismiss the Complaint filed on April 28, 2020. (Doc. 20.) Therein, USPS fully incorporated its legal memorandum to the motion to dismiss filed on December 9, 2019 (Doc. 11). (*Id.* at 1.) For the sake of simplicity, the Court will refer to the original Complaint (Doc. 1) and Motion to Dismiss (Doc. 11) instead of the complaint and motion filed at docket entries 18 and 20, respectively.

I. BACKGROUND

Diaz instituted this action against USPS for breach of contract, *quantum meruit*, and violations of both the minimum wage and unpaid overtime wage provisions of the Fair Labor Standards Act. He alleges that he was contracted by USPS to deliver mail to a specified number of rural postal routes and attaches his work contract to the Complaint. (Docs. 1 ¶ 9; 18-1.) This work for USPS lasted 6 years, the duration of his contract with them. (Doc. 1 ¶ 22(b)). It is Diaz's position that he was misclassified as an independent contractor because he did the same work as traditional USPS mail carriers. (*Id.* ¶ 10.) Diaz also explains that, as the population grew in rural areas of Osceola County, his workload increased without a proportionate increase to his wages. (*Id.* ¶ 11.) To service these routes with additional mailboxes, Diaz alleges that he routinely worked over 40 hours a week without overtime pay or compensation at the rate of at least the federal minimum wage. (*Id.* ¶¶ 12–13.) Though Diaz allegedly informed his supervisors about his inadequate pay, they nevertheless did not compensate him for overtime work. (*Id.* ¶¶ 15, 17.)

Further, Diaz alleges that USPS breached the Contract by increasing the number of routes and package deliveries assigned to Diaz without increasing his compensation proportionately. (*Id.* ¶ 33.) Diaz also alleges that he conferred a benefit to USPS, about which USPS had knowledge, by delivering the mail even after the USPS unilaterally increased the number of mailboxes and packages on his route. (*Id.* ¶ 50.) USPS now moves to dismiss only Counts I (breach of contract) and II (*quantum meruit*) of the Complaint for lack of subject matter jurisdiction. (Doc. 11 at 1.)

II. LEGAL STANDARD

A defendant may move to dismiss a complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). Subject matter jurisdiction can be attacked in two ways—a facial attack or a factual attack. *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507,

511 (5th Cir. 1980).³ With a facial attack, a court reviews the allegations in the complaint and determines whether the plaintiff has sufficiently alleged subject matter jurisdiction. *Id.* Conversely, a court may look outside the four corners of the complaint, to things such as affidavits and testimony, when a defendant factually attacks the existence of subject matter jurisdiction. *Id.* "A 'factual attack' . . . challenges the existence of subject matter jurisdiction in fact, irrespective of the pleadings . . . ." *Id.* If jurisdiction is found to be lacking, the court dismisses the case without prejudice. *See Crotwell v. Hockman-Lewis Ltd.*, 734 F.2d 767, 769 (11th Cir. 1984) (finding that the district court erred when dismissing a case for a lack of subject matter jurisdiction with prejudice instead of without prejudice). When a "court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court . . . in which the action . . .  could have been brought at the time it was filed or noticed . . . ." 28 U.S.C. § 1631 (2018).

## III.   DISCUSSION

The parties' sole disagreement as to Counts I and II is whether the Court of Federal Claims has exclusive jurisdiction to hear the contract claims. Upon review of the parties' briefs, the undersigned finds that this Court does not have jurisdiction to hear the contract claims and that the entire action, including Diaz's FLSA claim, should be transferred to the Court of Federal Claims.

### A.  Jurisdiction Over the Contract Claims

Two different acts are at play in this action: the Contract Disputes Act ("CDA") and the Postal Reorganization Act ("PRA"). The CDA provides a schema for disputes arising from contracts for, *inter alia*, the "procurement of services" with the USPS. 71 U.S.C. § 7102(a)(2).

---

³ In *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

First a person submits a claim to the contracting officer, who ultimately issues a decision on the claim. *Id.* § 7103(a), (f). The contracting officer's decision on the claim is deemed final "unless an appeal or action is timely commenced as authorized by this chapter." *Id.* § 7103(g). Section 7104 provides that appeals can be made to the Postal Service Board (§ 7105) or brought to the United States Court of Federal Claims ("Court of Federal Claims"). *Id.* § 7104(a)–(b).

On the other hand, the PRA confers original jurisdiction to "the United States [D]istrict [C]ourts" for "all actions brought by or against the [USPS]." 39 U.S.C. § 409(a). However, district courts do not have exclusive jurisdiction over claims by or against the USPS. *Id.* Though the Eleventh Circuit has yet to rule on whether the CDA preempts the PRA with regard to every contract covered by the CDA, a majority of the courts of appeals that have addressed this issue have determined that it does. *See Cohen v. Postal Holdings, LLC*, 873 F.3d 394, 402 (2d Cir. 2017) (the "CDA grants the Court of Federal Claims exclusive jurisdiction over contract claims against the USPS, notwithstanding the PRA's general grant of jurisdiction in 39 U.S.C. § 409(a)."); *Anselma Crossing, L.P. v. U.S. Postal Serv.*, 637 F.3d 238, 246 (3d Cir. 2011) ("We conclude that because the CDA is a statutory bar to jurisdiction over breach of contract claims against the USPS in the federal district courts, the District Court properly dismissed the complaint for lack of subject matter jurisdiction."); *B & B Trucking, Inc. v. U.S. Postal Serv.*, 406 F.3d 766, 768 (6th Cir. 2005) (explaining that because the plaintiffs' claims were "essentially contractual," the Court of Federal Claims had exclusive jurisdiction over the matter pursuant to the CDA); *A & S Council Oil Co. v. Lader*, 56 F.3d 234, 242 (D.C. Cir. 1995) ("Despite these sweeping terms, it might still be the case that the [Small Business Act]'s sue-and-be-sued clause permitted review of contract disputes outside the CDA framework. Congress's explicit exceptions from the CDA, however, render any such inference highly improbable.")

(*Hayes v. U.S. Postal Serv.*, 859 F.2d 354, 356–57 (5th Cir. 1988) (finding that the district court appropriately dismissed a breach of contract action for lack of subject matter jurisdiction against the USPS since the contract in question was for the procurement of services and thus the CDA applied).

Diaz argues that this Court should follow the Ninth Circuit's approach, which provides that notwithstanding the CDA, district courts may have concurrent jurisdiction with the Court of Federal Claims if there is an "independent grant[] of jurisdiction to the district court[s]." (Doc. 13 at 3–4.); *Tritz v. U.S. Postal Serv.*, 721 F.3d 1133, 1139 n.4 (9th Cir. 2013) (citing *Wright v. U.S. Postal Serv.*, 29 F.3d 1426, 1431 (9th Cir. 1994)). In *Wright* and *Tritz*, the Ninth Circuit explained that the presence of a "sue-and-be-sued" clause determines whether the Court of Federal Claims and a district court have concurrent jurisdiction over a CDA-covered contractual dispute. *Tritz*, 721 F.3d at 1139 n.4 ("In any event, we made clear in *Wright* that the CDA does not override independent grants of jurisdiction to the district courts."); *Wright*, 29 F.3d. at 1431 ("Nothing in the Miller Act evinces a legislative intent to limit remedies available to subcontractors. . . . We conclude, therefore, that the subcontractors properly may assert in district court their equitable lien claims.").

Diaz believes that the Eleventh Circuit would likely follow the Ninth Circuit's approach. (Doc. 13 at 3.) In support, Diaz points to *Marine Coatings of Alabama, Inc. v. United States*, 932 F.2d 1370, 1377 (11th Cir. 1991), wherein the Eleventh Circuit "held that the CDA did not bar the district court's jurisdiction, where the Federal Tort Claim Act applied." *Marine Coatings of Ala., Inc. v. United States*, 932 F.2d 1370, 1377 (11th Cir. 1991)). However, Diaz misstates the holding. In *Marine Coatings*, the Eleventh Circuit explained that "the FTCA and the CDA both waive immunity, but there is no need to apply either if *another* method of bringing suit is available."

*Marine Coatings*, 932 F.2d at 1377 (italics added). The "other method" of bringing suit the plaintiff wanted to pursue was "*in personam* in district court on principles of *in rem* liability." *Id.* Moreover, the plaintiff was not seeking recovery on the contract. *Id.* The Eleventh Circuit went on to explain that the plaintiff "would be precluded from bringing suit for recovery on the contract unless it complied with the CDA, [however] the CDA does not supersede admiralty provisions providing for another means of recovery." *Id.* In other words, had the plaintiff in *Marine Coatings* brought a contractual claim, the CDA would have applied. Here, Plaintiff seeks recovery on the contractual claim as well as his FLSA claim. (Doc. 1.) Therefore, the CDA applies to his contract claims.

Other district courts have declined to follow the Ninth Circuit. *See Tradesmen Int'l, Inc. v. U.S. Postal Serv.*, 234 F. Supp. 2d 1191, 1999–1200 (D. Kan. 2002) (declining to follow *Wright* after determining that the line of cases *Wright* relied on was no longer good law and that other circuits have come to a different conclusion than the *Wright* court); *1-10 Indus. Assocs., Inc. v. U.S. Postal Serv.*, 133 F. Supp. 2d 194, 197 (E.D.N.Y. 2001) (finding the D.C. Circuit approach more persuasive than the Ninth Circuit approach because the D.C. Circuit noted that the CDA's exemptions necessarily contemplate a "sue and be sued" provision) (quoting *A & S Council Oil Co.*, 56 F.3d at 242 (D.C. Cir. 1995)). Additionally, a Senate report on the CDA indicates that the goal was to have the Court of Federal Claims solely handle contract disputes:

> After considerable discussion at the public hearings, the committees decided to amend this section to limit the right of appeal. . . . [T]here is no need to have two court jurisdictions, the Court of [Federal] Claims and the U.S. District Courts, in which to appeal agency board decisions. The Court of [Federal] Claims can provide for the needs of all parties involved.

S. Rep. 95-1118, at 9 (1978). Taking the foregoing into consideration, as well as the decisions from other circuit courts, the Court finds that the CDA does preempt the PRA. As such, this Court

does not have jurisdiction to hear Diaz's contract claims in Counts I and II. The Court must now determine whether Counts I and II should be transferred or dismissed.

### B. The Entire Action, Including the FLSA Claims, Should be Transferred to the Court of Federal Claims

USPS moves for Counts I and II to be dismissed, not transferred to the Court of Federal Claims. (Doc. 11.) Diaz, on the other hand, argues that these Counts should be transferred and not dismissed, relying on *Prefab Products, Inc. v. USPS*, 600 F. Supp. 89 (S.D. Fla. 1984). (Doc. 13 at 5.) Upon review, the Court agrees that Counts I and II should be transferred to the Court of Federal Claims instead of dismissed.

Other district courts have generally transferred an action involving a CDA-covered contract instead of dismissing it. In *Prefab*, the court found that, despite the PRA's general grant of jurisdiction to the district courts, "both the plain language and the legislative history of the [CDA] strongly indicate that contract disputes with the USPS should be governed by that Act with jurisdiction in the United States Court of [Federal] Claims." *Prefab Prod., Inc. v. U.S. Postal Serv.*, 600 F. Supp. 89, 92 (S.D. Fla. 1984). Accordingly, the court transferred the action to the Court of Federal Claims in lieu of dismissal, relying on 28 U.S.C. § 1406 as the basis for transfer. *Id. But see Arbitraje Casa de Cambio, S.A. v. U.S. Postal Serv.*, No. CIV.A. 02-0777(RMC), 2004 WL 3257073, at *3 (D.D.C. Nov. 30, 2004) (deciding to transfer a CDA-covered action against the USPS pursuant to 28 U.S.C. § 1631).[4] While authority on whether to transfer the CDA-covered

---

[4] Section 1406 provides: "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Section 1631 provides:
> Whenever a civil action is filed in a court as defined in section 610 of this title or an appeal . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice,

action to the Court of Federal Claims or to dismiss the action is scant, one court from the Eastern District of New York found that determining whether a claim should be dismissed or transferred hinges on whether the plaintiff complied with the CDA's requirements. *1-10 Indus. Assocs.*, 133 F. Supp. 2d at 196. In *Industry Associates*, the plaintiff failed to argue that it complied with the administrative procedures built into the CDA before pursuing the action. *Id.* Finding that the "plaintiff ha[d] failed to exhaust the remedies required for relief under the CDA" the court decided to dismiss the case instead of transferring it to the Court of Federal Claims. *Id.* at 197 (citing *A & S Council*, 56 F.3d at 242).

It is unclear whether Diaz complied with CDA's procedures ahead of filing the action, as both the Complaint and the response to the Motion are silent in that regard. On the other hand, the Motion does not contain any statements indicating that Diaz failed to comply with the CDA. In light of this absence, the Court will transfer the claims pursuant to § 1631.

That leaves the Court to address the remaining, FLSA claim. Rule 21 governs severance of parties or claims. It provides that "the court may at any time . . . . sever any claim against a party." Whether an action should be severed is at the discretion of the Court. *Estate of Amergi ex rel. Amergi v. Palestinian Auth.*, 611 F.3d 1350, 1367 (11th Cir. 2010). When deciding whether to sever an action, a court must determine "whether the interests of efficiency and judicial economy would be advanced by allowing the claims to travel together, and whether any party would be

---

> transfer such action or appeal to any other such court . . . in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred.

28 U.S.C. § 1631. In this action, transferring pursuant to § 1631 would be more apt as this Court does not have jurisdiction to hear Counts I and II, and § 1631 provides for transfer when there is want of jurisdiction.

prejudiced if they did." *Acciard v. Whitney*, No. 2:07-CV-476UA-DNF, 2008 WL 5120820, at *1 (M.D. Fla. Dec. 4, 2008) (quoting *Fisher v. Ciba Specialty Chemicals Corp.,* 245 F.R.D. 539, 542 (S.D. Ala. 2007)).

In the instant case, the judicial system would be disserved by transferring only the contract claims to the Court of Federal Claims. This would result in two separate actions, one in Florida and the other in Washington, D.C. Furthermore, both cases would involve the same facts and issues: Diaz's employment relationship with the USPS and his entitlement to compensation beyond what was provided pursuant to the contracts. Therefore, for the sake of judicial economy and efficiency, the entire action should be transferred to the Court of Federal Claims. *See McCollough*, 268 F Supp. 3d at 1352 (finding that "[s]uch duplicitous litigation is not in the interest of justice" (quoting *Kennedy v. Phillips*, No. 11-1231, 2012 WL 261612, at *4 (W.D. Wash. Jan. 23, 2012)).

## IV. CONCLUSION

Accordingly, it is hereby **ORDERED** that the Motion (Doc. 11) is **GRANTED** to the extent that this action, Case Number 6:19-cv-1482, is **TRANSFERRED** to the Court of Federal Claims. The Clerk is **DIRECTED** to **TRANSFER** this action, and thereafter, **TERMINATE** all pending motions and **CLOSE** the case.

**DONE** and **ORDERED** in Orlando, Florida on June 26, 2020.

*[Signature]*

EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record