IN THE UNITED STATES COURT OF FEDERAL CLAIMS

DAVID DIAZ,

    Plaintiff,

v.

UNITED STATES POSTAL SERVICE,

    Defendant.

_____/

Case No. 20-1808C

# PLAINTIFF DAVID DIAZ'S RESPONSE AND MEMORANDUM OF LAW OPPOSING DEFENDANT'S MOTION TO DISMISS

June 9, 2021

ALFRED TRUESDELL
Employment Law Attorney
Florida Bar No. 0885363
*Truesdell Law*
3521 Tyngsbourgh Drive
DeLand, Florida 32720
(407) 920-7392
truesdelllaw@gmail.com
Attorney for David Diaz

## TABLE OF CONTENTS

LEGAL CLAIMS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

SUMMARY OF LEGAL ARGUMENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

LEGAL ARGUMENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Breach of Contract and Quantum Meruit Claims – Counts I and II . . . . . . . . . . . . . . . . . 5

   a.    CDA Does Not Apply to Employees . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Federal and State Wage-and-Hour Claims – Counts III and IV . . . . . . . . . . . . . . . . . . . . 6

      1.    Control . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
      2.    Opportunity for Profit and Loss . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
      3.    Investment in Equipment or Materials . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
      4.    Special Skill . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
      5.    Permanency and Duration . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
      6.    Intergral Part of Employer's Business . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Facts Alleged in Complaint Show Diaz Was Misclassified as a Contractor . . . . . . . . . . 9

Statute of Limitations . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

# TABLE OF AUTHORITIES

## CASES

Alexander v. FedExGround Package Systems, Inc., 765 F. 3d 981 (9th Cir. 2014) . . . . . . . 10

Anselma Crossing v. USPS, 637 F.3d 238 (3d Cir. 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Bartels v. Birmingham, 332 U.S. 126, 130 (1947) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Carrow et al. v. FedEx Ground Package Systems, Inc., No. 1:2016-cv-03026
(D. N.J. Dec. 15, 2020) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Davila v. Mendendez, 717 F.3d 1179, 1185 (11th Cir. 2013) . . . . . . . . . . . . . . . . . . . . . 11, 12

Estate of Washington v. Carter Retail, Inc.,
2014 U.S. Lexis Dist. 161583 (M.D. Fla. 2014 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Freund v. Hi-Tech Satellite, Inc., 185 Fed.Appx. 782 (11th Cir. 2006) . . . . . . . . . . . . . . . . . 8

Partridge v. Mosley Motel of St. Petersburg,
2016 U.S. Dist. Lexis 1723 at 10 (M.D. Fla. 2016) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7

Rutherford Food Corp. v. McComb, 331 U.S. 722 (1947) . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Scantland v. Jeffry Knight, Inc., 721 F.3rd 1308, 1311 (11th Cir. 2013) . . . . . . . . . . . . . . 7, 8

Solis v. A+NurseTempts, Inc., 2013 U.S. Dist. Lexis 49595 at 13 (M.D. Fla.) . . . . . . . . 7

## STATUTES

Contract Disputes Act, 41 U.S.C. § 7101(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Contracts Disputes Act, 41 U.S.C. § 7103 et seq. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2, 6

Fair Labor Standards Act, 29 U.S.C. § 201 et seq. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 10

Florida Minimum Wage Act, Fla. Stat. § 448.10 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 12

**REGULATIONS**

Code of Federal Regulations, 5 C.F.R. § 551.104 .................................... 11

**RULES OF PROCEDURE**

Court of Federal Claims Rule 12(b)(1) .................................................. 1

Court of Federal Claims Rule 12(b)(6) .................................................. 1

**CONSTITUTION**

Florida Constitution, Article X, § 24(a) ............................................. 1, 10

**ARTICLE**

Congressional Research Service, Kevin Kosar, "The U.S. Postal Service's Use of Contractors to Deliver Mail" (5/29/12) ........................................... 10

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

DAVID DIAZ,

    Plaintiff,

v.                              Case No. 20-1808C

THE UNITED STATES
POSTAL SERVICE,

    Defendant.
_____/

**PLAINTIFF'S RESPONSE AND MEMORANDUM OF LAW
OPPOSING DEFENDANT'S MOTION TO DISMISS**

    Plaintiff, DAVID DIAZ (hereafter "Diaz" or "Plaintiff"), through his undersigned counsel, files this Response and Memorandum of Law Opposing the Motion to Dismiss filed by Defendant, the UNITED STATES POSTAL SERVICE (hereafter "USPS," "Postal Service" or "Defendant"). This response and memorandum are based on the following grounds:

**LEGAL CLAIMS**

    The USPS filed a Motion to Dismiss all four Counts of Diaz's Complaint and Demand for Jury Trial pursuant to Court of Federal Claims Rules 12(b)(1) or 12(b)(6). Plaintiff's Complaint asserts claims of (I) breach of contract; (II) quantum meruit; (III) unpaid minimum wage and overtime under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and (IV) unpaid minimum wage under the Florida Minimum Wage Act, Fla. Stat., § 448.110 and Art. X, § 24(a) of the Florida Constitution. (Transfer Complaint, Doc. 31, par. 2).

## PRELIMINARY STATEMENT

Diaz was a mail carrier who contracted to provide services for the USPS. (Doc. 31, par. 11). During the duration of his contracts, the Postal Service continually increased the number of mailboxes Diaz was required to service without providing equivalent increases in pay or overtime for working more than 40 hours in a workweek. (Doc. 31, pars. 13, 15, 19, 37). Although Diaz was designated a contractor, he had little control over his workload. Diaz essentially had to accept whatever tasks the Postal Service assigned him regardless of how many hours of work were required to complete them. (Doc. 31, par. 24). The Postal Service treated the designation of "contractor" as a reason to require a mail carrier to work any number of hours without complying with wage-and-hour laws or contract specifications.

The classification of Diaz as a contractor when he performed essentially the same tasks as employee mail carriers is at the heart of all of the issues in this case. If Diaz was misclassified as a contractor and should have been classified as an employee, then federal and state wage-and-hour laws rather than the federal statutes governing USPS contractor disputes should apply. Furthermore, if the allegations on the face of the Transfer Complaint are accepted at face value, as required in a motion to dismiss, and it is properly alleged that Diaz was misclassified based on the independent contractor test, then the motion to dismiss should be denied.

## SUMMARY OF LEGAL ARGUMENTS

Defendant's Motion to Dismiss asserts that Diaz's breach of contract claim in Count I should be dismissed because the claim is governed by the Contracts Disputes Act ("CDA"). The USPS argues that the CDA required Diaz to submit a written claim to a USPS contracting officer prior to filing a lawsuit. *See* 41 U.S.C. § 7103 et seq. That statute would not apply, however, if Diaz was misclassified and was actually an employee. As an employee, Diaz would not have been

governed by the CDA. The Motion to Dismiss should be denied because the Court needs to determine the employee/contractor question before it can determine whether the CDA or FLSA govern how Diaz should have been paid. The CDA applies to federal contractors, some of which have hundreds or thousands of employees. It was never intended, however, to regulate the employment situations of employees. The same argument would apply to Diaz's quantum meruit claim in Count II.

Similarly, the USPS argues that Diaz's FLSA claim for unpaid overtime in Count III should be dismissed because Diaz was not designated an employee under the USPS civil service system. This argument would not apply if Diaz functioned as an employee and was misclassified as an independent contractor. The same argument applies to Count IV, the minimum wage claim. Furthermore, if this Court lacks jurisdiction over the federal or state wage-and-hour claims, it should transfer them back to the District Court so they can be heard on their merits, rather than be dismissed on jurisdictional or procedural grounds.

## STATEMENT OF FACTS

Diaz entered into a contract with the USPS in March of 2009 to deliver mail to rural areas in Central Florida. (Transfer Complaint, Doc. 31, par. 29; Ex. "A"). The initial contract from April 1, 2009 through March 31, 2015 included an amendment promising that Diaz would be paid $63,606.98 per year to deliver mail to 745 mailboxes. Diaz signed another six-year contract that extended from April 1, 2015 through March 31, 2021. (Doc. 31, par. 30; Ex. "A"). This case is a dispute over unpaid wages for a time period covered by the 2015 to 2021 contract. Diaz performed the terms required of both contracts. (Doc. 31, par. 31).

Diaz reported to the Post Office branch in Orlando, Florida and delivered mail to Osceola County, Florida, a rural area outside of Orlando. (Doc. 31, par. 8). As the population increased in

the area, the number of mailboxes Diaz was required to service also increased. However, Diaz's pay was not increased in proportion to the hours required to service the increased workload. (Doc. 31, pars. 13, 18). As a result, Diaz was forced to work significantly more than 40 hours each work week without receiving overtime pay or even minimum wage compensation for certain hours. (Doc. 31, pars. 14-17, 69).

The USPS breached the contract and violated wage-and-hour laws by continually increasing the number of post office boxes and packages Diaz was required to service, without providing an equivalent increase in pay. (Doc. 31, pars. 37, 38). The increase in the number of boxes and packages caused Diaz to frequently work more than 40 hours in most workweeks. (Doc. 31, par. 40). Because he was classified as a contractor, Diaz was paid no overtime when he worked more than 40 hours in any workweek. As a result, the USPS failed to pay Diaz for the amount of hours required to deliver the mail. (Doc. 31, pars. 15, 41, 48, 49). Diaz was paid a fixed salary regardless of how many hours it took to complete his deliveries. Diaz repeatedly notified his supervisors that he was unable to service the additional postal boxes without working more than 40 hours each workweek. (Doc. 31, par. 42). Even when USPS significantly increased the number of postal routes above those required in the contract, without a proportionate increase in pay, Diaz continued to honor the contract. (Doc. 31, pars. 32, 44, 52).

Diaz was required to sign the contracts if he wanted to continue work for the Postal Service. Diaz did not consent to the increases in postal routes. (Doc. 31, par. 34). He feared, however, that if he refused to take on the additional workload, he would lose his postal routes, and therefore, his job and his only source of income. (Doc. 31, pars. 20 and 34). Diaz was not in an equal bargaining position with the Postal Service. (Doc. 31, par. 24(I)).

Although Diaz was forced to sign the contract to work for the USPS, he performed the same work as mail carriers who were classified as employees by the Postal Service. (Doc. 31, pars. 6, 60, 63). Both positions required mail carriers to deliver mail and packages to residential locations within their service area that were assigned by the USPS. (Doc. 31, pars. 24(d), (h) and (j).

The Postal Service has produced no time sheets or documents that recorded or kept track of the number of hours Diaz worked. (Doc. 31, par. 21). Therefore, Defendant has no evidence to refute Diaz's claims in his Transfer Complaint, which must be accepted as true, that he regularly worked many work weeks in excess of 40 hours for several years.

Diaz's normal workday involved reporting to the Post Office and picking up mail that was provided to him. (Doc. 31, par. 24(j)). The Postal Service also provided Diaz with the sequence of mailboxes that he was required to service on his route. (Doc. 31, par. 24(d)). Diaz had little control over the number of post office boxes he was assigned by the USPS. Diaz was completely dependent on the Post Office to assign his postal routes. (Doc. 31, pars. 24(d) and (h)). Diaz continued to work excessive hours without proper pay because he was afraid of losing his postal routes altogether if he refused to accept the extra mailboxes. (Doc. 31, par. 20).

## LEGAL ARGUMENTS

### Breach of Contract and Quantum Meruit Claims – Counts I and II

a.  **CDA Does Not Apply to Employees**

The Motion to Dismiss Count I of the Complaint should be denied because Diaz should not have been classified as a contractor. Accepting the facts in the Transfer Complaint as true, sufficient facts were asserted to survive a motion to dismiss that Diaz was classified incorrectly under current wage-and-hour laws.

The USPS argues that the Court lacks jurisdiction over Plaintiff's unpaid overtime claims because the Contract Disputes Act ("CDA") governs the legal and administrative remedies available to Diaz as a contractor, and because Diaz failed to exhaust his administrative remedies under the CDA by failing to complain to a federal contracting officer in Washington, D.C. before going to court. The CDA does not govern this case, however, because Diaz, based on his job duties and responsibilities as set forth in the Complaint, was actually an employee and not a contractor under the FLSA. If Diaz was actually an employee based on the economic realities test set forth in the Transfer Complaint, then the CDA does not apply and the case should have remained before the District Court in the Middle District of Florida.

Defendant argues that Diaz was required to file a claim with a contracting officer for the USPS before filing a complaint in court. The CDA defines a contracting officer to include "authorized representatives" of the contracting officer. 41 U.S.C. § 7101(6). Diaz complained to the USPS in writing through his attorney in a letter dated November 9, 2018 prior to filing a complaint in federal court. The attorney for the USPS can be considered a representative of the contract officer.

The purpose of the CDA is to, among other things, equalize the bargaining power of the parties, provide alternative forums to resolve disputes, and ensure that contractors receive fair and equitable treatment. See Anselma Crossing v. USPS, 637 F.3d 238 (3rd Cir. 2011). Applying CDA procedures to a worker who functioned as an employee in order to slam the courtroom door shut on his remedies for unfair pay practices would be anything but fair and equitable treatment, and would be contrary to the spirit of the CDA.

**Federal and State Wage-and-Hour Claims – Counts III and IV**

The provisions of the FLSA and the Florida Minimum Wage Act apply only to employees, and not to independent contractors. *See* Partridge v. Mosley Motel of St. Petersburg, 2016 U.S. Dist. Lexis 1723 at 10 (M.D. Fla.). To determine whether a worker is an employee or independent contractor, courts do not depend on the designation provided by the employer. Rather, courts look to the "economic reality" of the relationship between the employer and the employee, and whether the employee was economically dependent on the employer. Scantland v. Jeffry Knight, Inc., 721 F.3rd 1308, 1311 (11th Cir. 2013). Employees are those who as a matter of economic reality are dependent on the businesses to which they render service. Bartels v. Birmingham, 332 U.S. 126, 130 (1947).

Diaz was forced to work numerous hours beyond a 40-hour workweek for several years. He was denied the compensation that was provided to postal workers who performed the same job, but were designated as employees. By misclassifying Diaz as a contractor, the Postal Service denied his rights under wage-and-hour and other employment laws, and limited his bargaining power.

The USPS is an enterprise engaged in commerce and an employer as defined by 29 U.S.C. § 203, and therefore, is subject to the employee/independent contractor test under the FLSA. Labels, titles or job names that may be applied by the parties to a given position or job function through a contract, or even legal determinations in other statutes or governmental regulations, do not affect the determination of a worker's status under the FLSA. Solis v. A+NurseTempts, Inc., 2013 U.S. Dist. Lexis 49595 at 13 (M.D. Fla. 2013). It follows that any characterization of mail carriers as contractors by the USPS are not determinative as to whether Diaz is an employee under the FLSA. Id. at 14. Labeling a worker as an independent contractor does not place him or her outside the protection of the FLSA. Rutherford Food Corp. v. McComb, 331 U.S. 722 (1947).

The Eleventh Circuit applies the economic realities test in determining whether a worker is an employee or an independent contractor. Id. The dominant factor in such a test is economic dependence. Id. at 15. See also Freund v. Hi-Tech Satellite, Inc., 185 Fed.Appx. 782 (11th Cir. 2006). Courts have used the following factors when applying the economic reality test: (1) the nature and degree of the employer's control over the manner in which the work is performed; (2) the employee's opportunity for profit or loss depending on his managerial skill; (3) the employee's investment in equipment or materials required for his task; (4) whether the service rendered requires a special skill; (5) the degree of permanency of the working relationship; and (6) whether the service rendered is an integral part of the employer's business. No single factor is the final determinant. Scantland v. Jeffry Knight, Inc., 721 F.3d at 1312. The degree these factors governed Diaz's employment were set forth in the Transfer Complaint and must be accepted as true for purposes of the motion to dismiss.

1. **Control**

The facts alleged in the Transfer Complaint are that the USPS exerted control over Diaz's postal routes, and therefore, controlled his working hours. (Doc. 31, par. 24). The routes, and therefore, the hours Diaz would be required to work to service those routes, were not negotiated, but assigned by the Postal Service. (Doc. 31, pars. 24(d) and (h)). Diaz believed that if he failed to service the new mailboxes that he would jeopardize his job. (Doc. 31, par. 20).

2. **Opportunity for Profit and Loss**

Diaz has alleged facts in his Complaint which must be accepted as true that his earnings, and therefore, his opportunity for profit and loss, were determined by the USPS, and not by his managerial skill. (Doc. 31, pars. 24(g)). Diaz's only opportunity to increase his profits was to accept the additional postal boxes that the USPS assigned to him. The USPS controlled the routes

Diaz was required to service, and therefore, the hours he was required to work, and ultimately the amount of income he earned. (Doc. 31, pars. 24(d) and (h)). Additionally, the volume of work assigned by USPS made it impossible for Diaz to work for any other employers. (Doc. 31, par. 24(k)). Again, Diaz's opportunity for profit and loss was dependent on the actions of the USPS. (Doc. 31, par. 24(g)).

3. **Investment in Equipment or Materials**

The USPS provided Diaz with the mail and packages to be delivered. The USPS also paid travel costs for vehicles used to deliver mail by contract mail carriers.

4. **Special Skill**

The facts are that the job of delivering mail did not require Diaz to possess a special skill or level of education. Diaz lacked the power to bargain on an equal basis with the USPS. (Doc. 31, par. 24(l).

5. **Permanency and Duration**

Diaz had consecutive six-year contracts, which was the equivalent of a permanent employment relationship.

6. **Integral Part of Employer's Business**

The delivery of mail by Diaz was primarily for the benefit of the USPS. There is no dispute that delivering mail was an integral part of the business of the USPS.

**Facts Alleged in Complaint Show Diaz Was Misclassified As a Contractor**

When all of the factors in the test are applied to this case, the facts in the record show that Diaz should have been classified as an employee, not an independent contractor, under the FLSA. At the very least, his classification presents an issue that needs to be litigated by the parties. The parties do not even agree on the version of the contract that was in effect that was breached.

Defendant incorrectly asserts it was the 2009 to 2015 contract rather than the 2015 to 2021 contract. The complete versions of the contracts need to be explored further during discovery.

The designation of Diaz as a contractor essentially enabled the Postal Service to subject him to substandard working conditions, including the denial of workers' compensation coverage for job-related injuries. This was done to Diaz and other postal workers to reduce the operating costs at this large federal agency at the workers' expense. Congressional Research Service, Kevin Kosar, "The U.S. Postal Service's Use of Contractors to Deliver Mail," (5/29/12).

The USPS argues that Diaz was not subjected to the FLSA or the Florida Minimum Wage Act because he was not appointed an employee under the USPS civil service system. (Doc. 36, pp. 13-14). However, it is the economic realities test, not other conflicting administrative or legislative pronouncements, that determine whether a worker is classified as an employee or contractor under the FLSA.

This case is similar to the Federal Express case where the delivery company agreed to pay $2.4 million to resolve a lawsuit alleging that it misclassified drivers in New Jersey as independent contractors. Carrow et al. v. FedEx Ground Package Systems, Inc., No. 1:2016-cv-03026 (D. N.J. Dec.15, 2020). The drivers who delivered mail and packages in those cases were hired as contractors but argued successfully that they were employees. *See also* Alexander v. FedEx Ground Package Systems, Inc., 765 F.3rd 981 (9th Cir. 2014) (court upheld summary judgment in favor of plaintiff and determined Federal Express drivers were misclassified as independent contractors and were actually employees).

Defendant argues the minimum wage claim should be dismissed because the Court lacks jurisdiction over state law claims. This is ironic because the case was originally filed in the District Court in the Middle District of Florida, which has jurisdiction over wage-and-hour cases. Diaz

argued the case should remain in the Middle District of Florida, but Defendant filed a motion that resulted in this case getting transferred to the Court of Federal Claims. Finally, after all of this procedural wrangling, during which the merits of the case still have not been addressed, the USPS now argues this Court has no jurisdiction over the claim. The government wants the case dismissed because it was transferred by its own motion to a forum that Plaintiff did not choose in the first place. Federal courts have pendant jurisdiction to hear state law claims related to the federal claims. However, if this Court determines that it lacks jurisdiction to hear the state law minimum wage claim, at the very least, Count IV, along with Count III, should be transferred back to the Middle District rather than dismissed.

**Statute of Limitations**

Plaintiff signed a contract renewal on April 1, 2015, which extended the contract to March 31, 2021. Defendant bases its statute of limitations argument on the previous contract, which ended in 2015. However, the violations continued through the 2015 to 2021 contract, which is well within the statute of limitations of the original Complaint filed on September 9, 2020 in the Middle District of Florida. The two-year statute of limitations for claims in this case includes all violations occurring after September 9, 2018. The Florida Minimum Wage Act has a statute of limitations of four years for non-willful violations, which includes all violations after September 9, 2016. Fla. Stat. § 448.110(8).

The USPA argues that Diaz's claims are limited to two years from the date the Complaint was filed. However, the FLSA provides for a three-year statute of limitations if the violations were willful. A violation is willful if the employer knew or showed reckless disregard as to whether its conduct was prohibited by statute. Estate of Washington v. Carter Retail, Inc., 2014 U.S. Dist. Lexis 161583 (M.D. Fla.). The Code of Federal Regulations defines reckless disregard as the

failure to make adequate inquiry into whether the conduct is in compliance with the FLSA. 5 C.F.R. § 551.104. The USPS violated the FLSA by intentionally disregarding the requirements of the FLSA and the Florida Minimum Wage Act. See Davila v. Menendez, 717 F.3rd 1179, 1185 (11th Cir. 2013). The continued violations by the USPS were intentional and willful. (Doc. 31, par. 70). The USPS knew or should have known that contract mail carriers performed the same functions as employees who deliver mail, and therefore, should be classified as employees under the FLSA. Like the employer in Estate of Washington, the USPS knew that Diaz was being forced to work numerous hours beyond a 40-hour work week without compensation in order to complete all of his deliveries. For this reason, the three-year statute of limitations should apply and include all violations occurring after September 9, 2017. The Florida Minimum Wage Act has a five-year statute of limitations for willful violations, which would cover all violations after September 9, 2015. Fla. Stat. § 448.110(8).

## CONCLUSION

The Motion to Dismiss all four counts in the Complaint should be denied. The facts in the Complaint, which must be taken as true, allege that Diaz should have been classified as an employee under the FLSA and paid overtime. He was also denied minimum wage for certain hours worked in violation of the Florida Minimum Wage Act. Additionally, the USPS breached Diaz's contract by requiring him to assume a greater workload, without an equivalent increase in pay. The USPS received benefits without providing reasonable compensation for certain services Diaz provided. Because the Complaint alleges facts that support these allegations, the Motion to Dismiss should be denied in its entirety. Additionally, because the CDA does not apply to employees, the claims should be transferred back to the Middle District of Florida for trial.

Respectfully submitted,

/s/ Alfred Truesdell
Alfred Truesdell
Florida Bar No. 0885363
*Truesdell Law*
3521 Tyngsbourgh Drive
DeLand, Florida 32720
(407) 920-7392
truesdelllaw@gmail.com
Attorney for David Diaz

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 9th of June, 2021, a true and correct copy of this document was filed electronically with the Clerk of the Court using the Court's e-filing system to Joseph Pixley, Trial Attorney, and Steven Gillingham, U. S. Department of Justice, P.O. Box 480 Ben Franklin Station, Washington, D.C. 20044.

/s/ Alfred Truesdell
Alfred Truesdell